The opinion of the Court was delivered by
Gantt, J.
From every view which I can' take of the case, I think the plaintiff entitled to recover his demand for gaol fees, of the defendant. As sheriff, he was certainly bound to take into his custody the body of Busby, under a ca. sa., and it follows as clearly to every mind, that he was equally bound to provide sustenance for the prisoner. The old rule, of letting a prisoner starve in the name of God, is rather too antiquate for modern use. It is stated, in argument, that the sheriff was told, that he was not bound to provide for the prisoner. Suppose he had, under this advice, permitted the prisoner to perish for .want of sustenance, who, in such a case, would not consider the sheriff in the light of a murderer ? And would it not' be a reproach to the law, if in such a case he could not be made to suffer the penalty attached to that crime ? I think it would. The prisoner is, therefore, in my opinion, to be supported, and the expense must and ought to fall on the person for whose intended benefit the party was deprived of liberty; all the analogies of the law are in favor of the principle. It may be a hard case upon the defendant to have to pay those costs, after losing the debt, which the ca. sa. was intended to secure, but it often occurs that good money is sent after bad, and both finally lost. I think the nonsuit should be set aside, and the case reinstated on the docket for trial at the next Court.
EichaRdson, Colcock, Nott and Huger, JJ., concurred.
See 6 Rich. 296 ; 3 Strob. 161; 2 McM. 340; 1 Hill, 422; 3 Brev. 291, or 1 Tread. 212; 3 BreV. 390, or 1 Tread. 449.